United States District Court
District of Connecticut
FILED AT NEW HAVEN

April 11, 2023

By   S. Santos
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF A SEARCH
WARRANT AUTHORIZING THE
INSTALLATION AND USE OF A
TRACKING DEVICE

3:23-mj-332 (MEG)

**FILED UNDER SEAL**

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT**

I, Corbett Tomsovic, a Special Agent of the Federal Bureau of Investigation ("FBI"), New Haven Division, being duly sworn, deposes and says the following:

**INTRODUCTION & REQUEST**

1. I make this affidavit in support of an application for a search warrant for authorizing the installation and use of a Global Positioning System ("GPS")[1] mobile tracking device on a 2013 gray Infiniti Coupe bearing Connecticut registration BH38075 ("**Target Vehicle**") registered to Luis Perez, at a particular address on Winchester Street, Waterbury, Connecticut. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

2. I am a special agent with the Federal Bureau of Investigation ("FBI"). I have been employed by the FBI since June of 2021. I have been assigned to the FBI's New Haven, Connecticut Field Office, and, more specifically, to the Waterbury Safe Streets Gang Task Force ("Task Force"). While with the FBI, I have conducted investigations of, and have been instructed

---

[1] GPS is a technology that substitutes for the earlier generation of proximity-detecting "bumper-beepers" previously used by law enforcement. The prior generation of beacons functioned by transmitting a radio impulse that a remote tracking device reads to determine the proximity of a beacon. In contrast, a GPS beacon functions by emitting a signal that can be read by a satellite that then transmits the location information in a form that FBI's computer system is able to calculate and project on a map. A GPS mobile tracking device falls within the meaning of "tracking device" as that term is defined in 18 U.S.C. § 3117(b), that is, "an electronic or mechanical device which permits the tracking of the movement of a person or object."

in, investigative techniques concerning the firearms violations, unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses.

3. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am also authorized to apply for search warrants pursuant to Federal Rule of Criminal Procedure 41.

4. The information contained in this affidavit is based on my personal participation in the investigation, and information received from other law enforcement officers. I am thoroughly familiar with the circumstances of the investigation and the information set forth in this affidavit. The statements contained in this affidavit are based on: (1) my personal participation in the investigation; (2) information provided to me by members of law enforcement; and (3) my experience and training.

5. This affidavit is only intended to establish probable cause for the requested warrants and does not set forth all my knowledge about this matter. This affidavit is intended to show merely that there is sufficient probable cause for the issuance of the requested search warrants and does not set forth all my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g) (possession of a firearms by a prohibited person), and Title 18, United States Code, Section 922(d) (Knowingly sell, give or

otherwise dispose of any firearm to any prohibited person) (the "Target Offenses") have been committed, are being committed, and will be committed by the operator of the **Target Vehicle**, LUIS PEREZ and known and unknown associates. There is also probable cause to believe that the location information of the **Target Vehicle** will constitute evidence of the Target Offenses and will lead to the identification of individuals who are engaged in the commission of these offenses and the locations and times of their meetings. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part. Where I assert that an event took place on a particular date or time, I am asserting that it took place on or about the date or time alleged.

## **PROBABLE CAUSE**

*CONTROLLED PURCHASE DURING THE WEEK OF MARCH 26, 2023*

7.     During the week beginning on March 26, 2023, investigators met with a cooperating source (hereafter, "CS") [2], who is being paid for his/her assistance in this case who, based on corroborating information obtained in this investigation, is believed to be providing accurate and reliable information in this investigation. The purpose of the meeting was to conduct a controlled firearm purchase from PEREZ.

---

[2] Cooperating Source ("CS"): CS is a confidential source, who has been monetarily compensated in exchange for information and services he/she provides to law enforcement. CS began cooperating with the FBI in the present case in February 2023. CS has multiple prior convictions, including prior felony convictions for sale of narcotics, criminal weapon possession, breaking and entering, and robbery in the first degree. The information provided by CS has been accurate and has been corroborated in part by independent information obtained by investigators in the current investigation into PEREZ and his associates. To my knowledge, CS-1 has not knowingly provided any false information.

8. At the direction of investigators, the CS contacted PEREZ to arrange the purchase of a firearm prior to meeting with investigators.

9. In anticipating of a meeting between the CS and PEREZ, law enforcement searched the CS and his/her vehicle for contraband and money with negative results. Law enforcement provided the CS with a specific quantity of official government funds for the anticipated firearms transaction. Law enforcement also provided the CS with live audio/video transmitting/recording devices so investigators could monitor and record the CS's anticipated meeting with PEREZ in real time.

10. Law enforcement followed the CS to the area of the meet location in Waterbury, Connecticut arranged between the CS and PEREZ. The CS spoke with PEREZ while traveling to the meet location, and PEREZ told him/her that he was picking up the firearm and would meet the CS in approximately 30 minutes.[3] During the trip to the meet location, the CS stopped at a convenience store in Waterbury, Connecticut. Subsequently, investigators met with the CS at a predetermined meet location. There, the CS's person and vehicle were re-searched for contraband and money with negative results other than the government funds previously provided by investigators.

11. Law enforcement followed the CS to the area of the meet location in Waterbury, Connecticut arranged between the CS and PEREZ. Soon after the CS arriving at the meet location, PEREZ, operating the **Target Vehicle,** arrived and parked in the vicinity of the CS. PEREZ and an unidentified Hispanic male (hereafter, "UM") exited the **Target Vehicle**. PEREZ accessed the trunk of the **Target Vehicle** and retrieved a dark colored bag. PEREZ, UM, and CS

---

3 This communication was heard via the live audio/video transmitter by law enforcement and recorded. Following the purchase described below, law enforcement reviewed the CS's phone and confirmed that the call came from a phone believed to be used by PEREZ.

4

entered a nearby residence. Approximately 11 minutes later, PEREZ, UM, and CS exited the residence. PEREZ placed the dark colored bag back in the trunk of the **Target Vehicle**. Subsequently, PEREZ and UM entered the **Target Vehicle** and departed the area. Surveillance units were able to follow the **Target Vehicle** for a short distance then lost visual of the **Target Vehicle**. Approximately fifteen minutes after losing sight of the Target Vehicle, law enforcement identified the **Target Vehicle** at a laundry mat operated by PEREZ's wife.

12. Law enforcement met the CS at the pre-arranged meeting location. At this location, the CS provided the firearm he/she purchased from PEREZ to investigators. Law enforcement searched the CS and his/her vehicle for money and contraband with negative results.

13. A review of the audio/video recording device worn by the CS during the firearm transaction revealed that PEREZ was in possession of at least one additional firearm. PEREZ indicated that he was willing to sell the additional firearm to the CS. The CS, however, was not provided additional government funds to allow the CS to make the purchase and had not been directed to make the second purchase. PEREZ also mentioned obtaining additional firearms in the future that he would be willing to sell to the CS.

14. PEREZ is a felon, having been previously convicted of burglary first in 2009, for which he received a ten-year term of imprisonment, assault first in 2006, for which he received a ten-year term of imprisonment suspended after forty-two months and three years' probation, as well as other convictions, including a federal conviction for unlawful possession of a firearm by a convicted felon.[4] He is also currently on federal supervised release. Given his supervision status and his travel immediately following the purchase, I believe PEREZ may be storing the

---

4 Docket No. 3:19cr304(JAM).

firearms and/or funds obtained during the sale of firearms at a secondary location such as the laundry mat.

15. In order to track the movement of the **Target Vehicle** effectively, and to decrease the chance of detection, I seek to place a tracking device in or on the **Target Vehicle** while it is in the District of Connecticut. The information obtained from the GPS device will facilitate physical surveillance of the **Target Vehicle**, its operators and occupants, and it will constitute or lead to evidence of the offenses under investigation because it will assist investigators in ascertaining, *inter alia*, the locations where PEREZ and/or their associates obtain firearms, store firearms, sell firearms and store proceeds from the sales of firearms.

16. I believe that there is probable cause to believe that the location of the **Target Vehicle** constitutes evidence of those criminal violations, including leading to the identification of other individuals who are engaged in the commission of the offenses and identifying locations where PEREZ and others are engaging in criminal activity.

17. To ensure the safety of the executing officers and to avoid premature disclosure of the investigation, it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. Given the evidence that PEREZ and their associates are involved in distributing firearms, investigators will seek times and places to effect the installation, repair, replacement and removal of the tracking device that will best ensure the safety of investigators and best ensure the integrity and secrecy of this investigation.

18. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device or until the vehicle is returned to Enterprise, whichever is sooner. The

tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

19. It is requested that the warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation and better ensure the safety of agents and others.

20. For the forgoing reasons, I respectfully request that the Court issue a warrant authorizing members of the Federal Bureau of Investigation or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above described investigation, to install a tracking device in or on the **Target Vehicle** within the District of Connecticut, regardless of whether the **Target Vehicle** is located on public or private property, within 10 calendar days of issuance of the requested warrant; to remove said tracking device from the **Target Vehicle** after the use of the tracking device has ended; to surreptitiously enter the **Target Vehicle** and/or move the **Target Vehicle** to effect the installation, repair, replacement and removal of the tracking device; and to monitor the tracking device, for a period of 45 days. I also request that the Order authorizes Special Agents/Task Force Officers of the FBI, or their authorized representatives not be required to leave a copy of the Court's Order in any vehicles entered, due to the covert nature of the installations and investigation.

21. In order to track the location of the **Target Vehicle** at all times, it will be necessary to monitor the tracking device continuously, which may include monitoring signals produced from inside enclosed garages or other locations neither open to the public nor accessible to visual surveillance, and signals produced from outside the District of Connecticut.

22.     Based upon the foregoing, I submit that there is probable cause to believe that use of a GPS mobile tracking device on the Target Vehicle will lead to the discovery of the items set forth in Attachment B, which constitute evidence, fruits, and/or instrumentalities of the Offenses.

**AUTHORIZATION REQUEST**

23.     Based upon the foregoing, I request that the Court issue a warrant authorizing law enforcement officers to: (1) initiate signaling to and from the tracking device in order to monitor the Target Vehicle at any time of day or night within ten (10) days from the date of this warrant; (2) enter onto private property for the limited purpose of maintaining, repairing, or removing the tracking device at any time of day or night; (3) move the Target Vehicle to a concealed area for the limited purpose of maintaining, repairing, or removing the tracking device at any time of day or night; and (4) maintain, use, monitor, and record the signals and information from the tracking device at any time of day or night, for a period of forty-five (45) days from the issuance of the warrant, whichever is sooner, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the **Target Vehicle** leaves the District of Connecticut but remains within the United States.

24.     In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period of 30 days after the end of the authorized period of because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation. The investigation is not known to the targets of the investigation. Providing immediate notification of the execution of the warrant may have an adverse result, as defined in 18 U.S.C. § 3103a(b). Providing immediate notice to PEREZ of the search of the **Target Vehicle** or of this application would seriously jeopardize the ongoing investigation, by alerting PEREZ to the federal interest

in his location and illegal activities and potential cause him to alert his coconspirators to the investigation. Such a disclosure would give PEREZ or his coconspirators an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). Thus, I request that the Court authorize the delayed notification of the execution of this warrant.

25. As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorized the seizure of location information (as defined in 18 U.S.C. § 2510), there is reasonable necessity for the seizure for the reasons set forth above. *See* U.S.C. § 3103a(b)(2).

26. I further request that the Court issue an Order pursuant to which the application of the United States and all papers submitted in support of the application be filed under seal. Disclosure of this information would compromise this ongoing investigation.

Respectfully submitted,

CORBETT TOMSOVIC
Digitally signed by CORBETT TOMSOVIC
Date: 2023.04.11 10:17:08 -04'00'

Special Agent Corbett Tomsovic
Federal Bureau of Investigation

The foregoing affidavit has been attested to me by FBI Special Agent Corbett Tomsovic over the telephone on this 11th day of April 2023 at New Haven, CT.

Maria E. Garcia
Digitally signed by Maria E. Garcia
Date: 2023.04.11 12:10:13 -04'00'

HONORABLE MARIA E. GARCIA
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

The Target Vehicle is a 2013 gray Infiniti Coupe bearing Connecticut registration BH38075 registered to Luis Perez, at a particular address on Winchester Street, Waterbury, Connecticut. The Target Vehicle is known to be operated by Luis Perez in the District of Connecticut.

**ATTACHMENT B**

Initiating a signal to and from a Global Positioning System ("GPS") mobile tracking device on the Target Vehicle described in Attachment A (and allowing for any maintenance and repair of the mobile tracking device) in order to monitor and record signals and information obtained and produced by the GPS mobile tracking device, for a period of 45 days, during all times of day and night, for the purpose of obtaining evidence of violations of federal law, including violations of Title 18, United States Code, Section 922(g) (possession of a firearms by a prohibited person), and Title 18, United States Code, Section 922(d) (Knowingly sell, give or otherwise dispose of any firearm to any prohibited person), including information concerning the location of the Target Vehicle, and including when such signals and information are produced when the Target Vehicle is indoors or in areas where there may be a reasonable expectation of privacy, in the District of Connecticut and outside of the District of Connecticut but within the United States. Information about the location of the Target Vehicle includes all available GPS data, latitude-longitude data, and other precise location information, as well as all data about which "towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal; from the GPS tracking device on the Target Vehicle described in Attachment A. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).